## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-21466-FAM/Becerra

JOSE PINEDA CASTRO,

     Petitioner,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

## REPORT AND RECOMMENDATION[1] ON PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

**THIS CAUSE** came before the Court upon Petitioner Jose Pineda Castro's ("Petitioner")

*pro se* Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (the

"Motion").  ECF Nos. [7], [9][2]  The Government filed its Response to Petitioner's Motion (the

"Response").  ECF No. [12].  Petitioner filed a Reply (the "Reply").  ECF No. [15].  Upon due

consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised

in the premises, it is hereby **RECOMMENDED** that the instant Motion be **DENIED**.

### I.      BACKGROUND

     On December 6, 2016, a federal grand jury returned a Superseding Indictment charging

Petitioner and his co-defendants, Anibal Mustelier ("Mustelier") and Yamile Diaz Bernal

---

[1] This matter was referred to the undersigned by the Honorable Federico A. Moreno, United States District Judge.  ECF No. [18].

[2] Petitioner filed his initial motion seeking relief under Section 2255 on April 6, 2020.  ECF No. [1].  On April 27, 2020, Petitioner filed the instant Amended Motion.  ECF No. [7].  Thereafter, Petitioner filed a Motion for Leave to Amend, which incorporated a supplement to his third claim. ECF No. [9].  On May 8, 2020, the Court granted Petitioner's Motion for Leave to Amend, stating that no additional filing was necessary.  ECF No. [10].

("Bernal"), with: (1) one count of conspiracy to commit Hobbs Act robberies in violation of 18 U.S.C. § 1951(a) as to all three co-defendants (Count I); (2) three counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) as to Petitioner and Mustelier (Counts II, IV, and VI); (3) two counts of brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) as to Petitioner and Mustelier (Counts III and V); and (4) one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) only as to Mustelier (Count VII). *See* Superseding Indictment, *United States v. Pineda Castro*, No. 16-cr-20700-FAM (S.D. Fla. Dec. 6, 2016), ECF No. [37].[3]  The charges in the Superseding Indictment stemmed from two jewelry store robberies and one attempted jewelry store robbery in Hialeah, Florida. *See id.*  Following a seven-day jury trial, the jury returned a verdict of guilty on all counts as to all Defendants. *See* Criminal ECF Nos. [148]–[154], [163], [164], [169].  Petitioner was sentenced to forty-seven years and eight months imprisonment followed by a period of supervised release of five years.  Criminal ECF No. [212] at 2–3.  Specifically, Petitioner was sentenced to fifteen years and eight months as to Counts I, II, IV, and VI to run concurrent as to all counts, seven years as to Count III to run consecutive to the sentence for Counts I, II, IV, and VI, and twenty-five years as to Count V to run consecutive to the sentence for Counts I, II, IV, and VI. *Id.* at 2.

On July 27, 2017, Petitioner filed a Notice of Appeal.  Criminal ECF No. [216].  On appeal, Petitioner argued that: (1) the Government violated his due process right because it lost exculpatory evidence; (2) the District Court erred in denying his motion to suppress evidence of prior bad acts; (3) the District Court should have granted a mistrial because the jury saw him walking to the witness stand in ankle restraints; and (4) his sentence was unreasonable.  Criminal

---

[3] References to the electronic docket in Petitioner's underlying criminal case will be cited as "Criminal ECF No. [ ]."

ECF No. [284] at 4–5.  The Eleventh Circuit Court of Appeals denied Petitioner's appeal and affirmed his conviction and sentence as to all counts.  *Id.* at 5.

Petitioner now files the instant Motion seeking relief pursuant to 28 U.S.C. § 2255.  ECF No. [7].  Specifically, Petitioner's Motion seeks relief based on four claims: (1) that his Fifth and Sixth Amendment rights were violated because the Indictment was in English and was not translated to his native language; (2) that the District Court lacked jurisdiction to impose a twenty-five year sentence under 18 U.S.C. § 924(c)(1)(C)(i); (3) that trial and appellate counsel were ineffective by failing to object to the Hobbs Act convictions as they are not crimes of violence; and (4) that trial and appellate counsel were ineffective by failing to object to the Hobbs Act jury instructions which used the disjunctive "or," thereby making it  unclear whether the jury was required to unanimously find that each element of Hobbs Act robbery was satisfied.  *Id.* at 4–8.

The Government filed its Response arguing that none of Petitioner's claims have any merit.  ECF No. [12].  First, the Government argues that the Constitution only requires that a criminal defendant be apprised of the charges against him.  *Id.* at 4.  Because the Petitioner was provided adequate notice of the charges brought against him through the services of a certified Spanish interpreter at all Court hearings, the Government contends that the first claim must fail.  *Id.*  The Government further argues that Petitioner's second claim fails because the twenty-five-year sentence for the § 924(c) conviction was properly imposed.  *Id.* at 5.  As to Petitioner's third claim, the Government argues that Petitioner's attorneys were not ineffective because Hobbs Act robbery is categorically a crime of violence, and any objection would have been overruled.  *Id.* at 6–7.  Finally, as to Petitioner's fourth claim, the Government argues that the Hobbs Act robbery jury instructions were correct because they tracked the language of the statute.  *Id.* at 8–10.

## II.    ANALYSIS

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court that imposed the sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  *Id*.  To obtain this relief on collateral review, however, a habeas petitioner must "clear a significantly higher hurdle than would exist on direct appeal."  *United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

### A. Petitioner's Claim That His Fifth And Sixth Amendment Rights Were Violated Because The Indictment Was Not Translated To His Native Language (Claim One) Lacks Merit And Should Be Denied.

Petitioner argues that because the Indictment was in English and not in his native Spanish language, he was deprived of his Fifth Amendment right to fair notice and his Sixth Amendment right to be apprised of the nature and cause of the charges against him.  ECF No. [7] at 4.  Petitioner argues that because his fundamental rights were not safeguarded, the Court lost jurisdiction over the proceedings.  *Id.*  Petitioner notes that his claim is not undermined by the fact that he was represented by counsel at trial and throughout his appeal because the Sixth Amendment requires that the accused, not counsel, be apprised of the charges against him.  *Id.*  Thus, because he could not read the charges against him, he was unable to defend himself and properly assist counsel in the preparation of his defense.  *Id.*

The Government argues that due process requires only that a defendant be provided adequate notice of the charges against him.  ECF No. [12] at 4.  The Government notes that at every hearing, Petitioner was provided with the services of a certified Spanish interpreter.  *Id.* at 3.  As such, the Government submits that Petitioner was adequately advised, through the interpreter, of his charges at his initial appearance, detention hearing, and arraignment.  *Id.* at 4.  The Government notes that Petitioner never raised any concerns about his ability to hear or understand the charges at any of these hearings.  *Id.*

The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  A Fifth Amendment due process violation "must be so outrageous that it is fundamentally unfair and shocking to the universal sense of justice."  *Coloma v. United States*, 799 Fed. Appx. 788, 789 (11th Cir. 2020) (quoting *United States v. Ofshe*, 817 F.2d 1508, 1516 (11th Cir. 1987)).  In turn, the Sixth Amendment provides that in criminal cases, "the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation."  U.S. Const. amend. VI.  As a result, a criminal defendant has the right to be meaningfully present at his trial and to assist in his defense.  *See Holmes v. South Carolina*, 547 U.S. 319, 319 (2006) (citing *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)).

Petitioner has not provided, and the undersigned could not find, any authority for the proposition that the Constitution requires that a defendant be provided a written translation of the indictment, or any other documents in their native language.  It is undisputed that Petitioner was provided the services of a certified Spanish interpreter at every hearing, including his initial appearance, detention hearing, arraignment, and during trial.  *See* Criminal ECF Nos. [264]–[275],

[305]–[307].  Petitioner does not state that he was unable to understand the translator or that the translator was deficient in any respect.  Instead, Petitioner contends that his due process rights were violated merely because the Indictment was in English and he only speaks Spanish. However, the Court cannot conclude that any of Petitioner's Constitutional rights were violated because the Constitution does not require that all criminal documents be translated to the accused's native language, particularly where the record suggests that Petitioner had access to adequate translation services at all court proceedings.

Instead, Petitioner relies exclusively on *United States v. Mosquera*, 816 F. Supp. 168, 172 (E.D.N.Y. 1993), for the proposition that because he could not read the charges against him in his native language of Spanish, he was unable to properly assist in his defense.  *See* ECF Nos. [7] at 4; [15] at 2.  However, Petitioner's reading of the holding in *Mosquera* misses the mark.  In *Mosquera*, eighteen Spanish-speaking defendants were involved in a complex narcotics and money-laundering case.  816 F. Supp. at 170.  Each defendant required an interpreter and was represented by a different attorney.  *Id.*  There, given the demonstrated "obstacles faced by the non-English speaking defendants in fully understanding the nature of the proceedings," the Eastern District of New York considered whether the Government was required to supply the criminal defendants a Spanish translation of the relevant documents in the case.  *Id.*  Based on the complexity of the case, the court ultimately determined that the defendants' due process rights could not be safeguarded in the absence of a translation of the indictment, any plea agreement, and the pre-sentence investigation reports.  *Id.* at 177.  In short, the court in *Mosquera* made a specific finding as to what was required in that case, and its holding simply does not stand for the broad proposition, as Petitioner suggests, that the Constitution requires the translation of the documents

in this case.[4]  Thus, because Petitioner does not have a constitutional right to have the documents

in his case translated to Spanish, the undersigned **RECOMMENDS** that the instant Motion be

**DENIED** as to Claim One.

### B. Petitioner's Claim That The Trial Court Lacked Jurisdiction To Impose A Sentence Under 18 U.S.C. § 924(c)(1)(c) (Claim Two) Is Without Merit.

As a preliminary matter, Petitioner argues that he is "statutorily innocent of violating

[Section] 942(c)(1)(C)" because he had not been previously convicted of a Section 924(c) offense,

as is required for this penalty enhancement to apply.  ECF No. [7] at 5.  Petitioner notes that Counts

III and V of the Superseding Indictment charged him with brandishing a firearm in furtherance of

a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), which carries a mandatory

minimum of seven years and a maximum of life imprisonment.  *Id.*  However, Petitioner argues

that he was not sentenced within these ranges because he was sentenced in accordance with the

ranges that correspond to 18 U.S.C. § 924(c)(1)(C), which carries a mandatory minimum of

---

[4]  The holding in *Mosquera* has been significantly narrowed by courts across the country which have agreed that "[t]he Constitution does not require that [ ] information be communicated in writing in a foreign language." *Sanders v. United States*, 130 F. Supp. 2d 447, 449 (S.D.N.Y. 2001) (noting that while the *Mosquera* "opinion used the language of constitutional rights, the facts of the case were exceptional, and courts have since limited the case to its facts"); *United States v. Gonzalez*, 339 F.3d 725, 729 (8th Cir. 2003) (concluding that the holding in *Mosquera* only stands for the proposition that "a court may decide to provide written translations in difficult and complicated cases"); *United States v. Ki Chong Yoo*, No. 2:10-CR-203-JAD-GWF, 2014 WL 279611, at *4 n.3 (D. Nev. Jan. 23, 2014), *aff'd*, 603 Fed. Appx. 583 (9th Cir. 2015) (quotations omitted) (noting that *Mosquera* was outlying case that has "been widely distinguished, and found inapplicable to relatively simple factual scenarios"); *United States v. Celis*, 608 F.3d 818, 841 (D.C. Cir. 2010) (alteration supplied) (quoting *Gonzalez*, 339 F.3d at 729) (stating that "a number of [] courts have recognized that '*Mosquera* does not stand for the proposition that criminal defendants enjoy a constitutional right to written translations of [all] court documents.'"); *Martinez v. United States*, No. 02-CR-039-J-6, 2008 WL 11441696, at *3 (D. Wyo. Apr. 4, 2008) (concluding that the holding in *Mosquera* merely provides that courts may order "written translations in difficult and complicated cases," but that the Constitution does not require it); *United States v. Martinez*, 120 F. Supp. 2d 509, 514 (W.D. Pa. 2000) ("We do not read *Mosquera* as entitling every non-English speaking defendant to written translations.").

twenty-five years and a maximum of life imprisonment.  *Id.*  Thus, Petitioner submits that the District Court improperly used Section 924(c)(1)(C) as a sentencing factor, rather than a distinct aggravating crime.  *Id.*

The Government responds that Petitioner was indicted and convicted for brandishing a firearm in furtherance of a crime of violence in violation of Section 924(c)(1)(A)(ii).  ECF No. [12] at 5.  The Government argues that the District Court properly imposed "a consecutive, seven-year (eighty-four-month) sentence for the first 924(c) count (Count Three) and a consecutive twenty-five-year (300-month) sentence on the second 924(c) count (Count Five) . . . [because they] were the mandatory minimums under 18 U.S.C. § 924(c) and were statutorily required to be served consecutive to each other and to any other sentence."  *Id.*

When Petitioner was sentenced in July 2017, Section 924(c)'s enhanced-penalty provision provided that any person who sustains "a second or subsequent conviction under this subsection [] shall be sentenced to a term of imprisonment of not less than 25 years."  18 U.S.C. § 924(c)(1)(C)(i).  Under that version of the statute, the enhanced-penalty provision applied even if the initial and subsequent Section 924(c) offenses were charged in the same indictment and the defendant was then convicted of those offenses in the same proceeding.  *See United States v. Moses*, 380 Fed. Appx. 844, 846 (11th Cir. 2010).  In December 2018, the First Step Act amended Section 924(c) such that the enhanced-penalty provision is only triggered if the subsequent offense "occurs after a prior conviction under this subsection has become final."  18 U.S.C. § 924(c)(1)(C). This amended provision, however, does not apply retroactively to cases on collateral review.  *See United States v. Thompson*, 846 Fed. Appx. 816, 818 (11th Cir. 2021) (noting that the amendments to Section 924(c) apply only if the sentence had not been imposed by December 21, 2018, the date of the enactment of the Act).

Section 924(c)'s enhanced penalty provision was properly applied because Petitioner was charged and convicted of two Section 924(c) offenses (Counts III and V) in the Indictment. *See* Criminal ECF Nos. [37], [212]; *see also United States v. Irby*, 477 Fed. Appx. 727, 728 (11th Cir. 2012) (quotations omitted) ("A district court may deem one of two § 924(c) convictions charged in the same indictment as a second or subsequent conviction under § 924(c)(1)(C)."). Specifically, the Court imposed a seven-year sentence for the first Section 924(c) count (Count III), and a consecutive twenty-five-year sentence for the second Section 924(c) count (Count V). *See* Criminal ECF No. [37]. The consecutive twenty-five-year sentence was properly imposed pursuant to Section 924(c)'s mandatory enhanced penalty provision. *See* 18 U.S.C. § 924(c)(1)(C). Indeed, Section 924(c) requires the sentences "to be served consecutive to each other and to any other sentence," which often times may result in the imposition of a "harsh" mandatory minimum sentence. *United States v. Whitehead*, 605 Fed. Appx. 888, 889–90 (11th Cir. 2015). Therefore, the District Court properly imposed the two consecutive sentences under Section 924(c).

Moreover, Petitioner's argument that the question of whether he committed a subsequent qualifying offense under Section 924(c)(1)(C) should have been submitted to the jury is not well-grounded. In *Almendarez–Torres v. United States*, the Supreme Court held that prior conviction is a sentencing factor that need not be charged in an indictment or submitted to the jury. 523 U.S. 224, 226–27 (1998). Subsequently, in *Alleyne v. United States*, the Supreme Court clarified that the Sixth Amendment requires that, "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." 570 U.S. 99, 114–15 (2013). However, the Supreme Court in *Alleyne* specifically stated that it did not purport to alter the rule set forth in *Almendarez–Torres*, which recognized the narrow exception for prior convictions. *Id.* at 111 n.1. Thus, a "[f]inding

that a defendant's convictions were 'second or subsequent' [under Section 924(c)(1)(C)] is the same as finding that a defendant had a prior conviction, and the issue remains governed by *Almendarez–Torres*." *United States v. King*, 751 F.3d 1268, 1280 (11th Cir. 2014) (citing *United States v. Mack*, 729 F.3d 594, 609 (6th Cir. 2013)).

Here, Petitioner was indicted and convicted of two offenses in violation of Section 924(c)(1)(A)(ii), which triggered Section 924(c)(1)(C)'s enhanced-penalty provision at sentencing. Petitioner argues that the Section 924(c)(1)(C) enhancement should have been charged in the Superseding Indictment, and that whether he had a second or subsequent conviction should have been submitted to the jury. However, the holding in *Alleyne* does not require that the question of a second or subsequent conviction be submitted to the jury. 570 U.S. at 111 n.1. Moreover, the holding in *Almendarez-Torres* makes clear that Section 924(c)'s enhanced-penalty provision does not need to be charged in the Indictment or submitted to the jury. 523 U.S. at 226–27. Therefore, the District Court properly imposed a consecutive twenty-five-year sentence for Petitioner's second or subsequent Section 924(c) offenses. As such, it is **RECOMMENDED** that the instant Motion be **DENIED** as to Claim Two.

### C. Petitioner's Claim Of Ineffective Assistance Of Counsel For Failing To Object To The Classification Of Hobbs Act Robbery As A Crime Of Violence (Claim Three) Fails.

Petitioner argues that his trial and appellate counsel were ineffective in failing to object that Hobbs Act robbery is not a crime of violence. ECF No. [7] at 7. Specifically, Petitioner argues that because Hobbs Act robbery is not a crime of violence, it cannot be the predicate offense for brandishing a firearm in furtherance of a crime of violence in violation of Section 924(c)(1)(A)(ii). *Id*.[5]

---

[5] In the Motion, Petitioner also refers to this claim as "Ground Six," but the arguments he raises correspond to his third claim. *See* ECF No. [7] at 16.

The Government notes that the Superseding Indictment charges Petitioner with two counts of substantive Hobbs Act robbery and two corresponding counts of brandishing a firearm in furtherance of a crime of violence. ECF No. [12] at 7. The Government argues that Eleventh Circuit precedent has conclusively established that Hobbs Act robbery is a crime of violence under Section 924(c)(3)(A), and as such, may serve as the predicate offense for a Section 924(c)(1)(A)(ii) count. *Id.* at 6–7. Therefore, the Government submits that Petitioner's claim for ineffective assistance of counsel fails because there is no reasonable probability that any objections to this effect would have been upheld or that the results of the proceedings would have been different. *Id.* at 8.

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI. A claim for ineffective assistance of counsel is subject to the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Hill v. Lockhart,* 474 U.S. 52, 57 (1985) (noting that the two-part standard set forth in *Strickland* applies to guilty plea challenges based on ineffective assistance of counsel). Specifically, *Strickland* requires that a criminal defendant show that "(1) 'counsel's representation fell below an objective standard of reasonableness' and (2) that such failure prejudiced him in that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Pease,* 240 F.3d 938, 941 (11th Cir. 2001) (quoting *Strickland*, 466 U.S. at 687–88).

As to the first prong, deficient performance is performance that falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. That is, actions that "no competent counsel would have taken." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted) (citing *Holladay v. Haley*, 209 F.3d 1243, 1253 n.6 (11th Cir. 2000)).

However, in proving that counsel's actions were deficient, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). To that extent, "[w]hen courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger" and the challenged actions may be considered sound strategy. *Chandler v. United States*, 218 F.3d 1305, 1316 (11th Cir. 2000) (footnote omitted) (citing *Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998)); *see also Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential.").

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability that the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *Id*. A defendant must satisfy both the deficiency and prejudice prongs set forth in *Strickland* to obtain relief on an ineffective assistance of counsel claim; failure to establish either prong is fatal and makes it unnecessary to consider the other one. *Strickland*, 466 U.S. at 697. The Eleventh Circuit has recognized that, given the principles and presumptions associated with ineffective assistance claims, "the cases in which habeas petitioners can properly prevail are few and far between." *Chandler*, 218 F.3d at 1313 (alteration omitted) (quoting *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995)). The burden of persuasion on the movant is preponderance of the evidence. *Id.*

In this case, Petitioner was charged and convicted of two counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Counts II and IV). Criminal ECF No. [37] at 2–3. The Hobbs Act robbery counts state that Petitioner "did knowingly and unlawfully obstruct, delay, and affect

commerce and the movement of articles and commodities in commerce by means of robbery, as the terms 'robbery' and 'commerce' are defined in Title 18, United States Code, Section 1951(b)(1) and (b)(3)." *Id.* In addition, Petitioner was charged and convicted of two counts of brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts III and V). *Id.* at 3–4. The Section 924(c) counts state that Petitioner did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence . . . in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2." *Id.* The Superseding Indictment states that Counts II and IV serve as the predicate offenses for Counts III and V.[6] *Id.* Simply put, the issue before the Court now is whether Hobbs Act robbery qualifies as a crime of violence.

> Section 924(c) defines a "crime of violence" as a felony that:
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)–(B). The Eleventh Circuit has consistently held that "a conviction for substantive Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)'s elements clause." *United States v. Buckner*, 808 Fed. Appx. 755, 761 (11th Cir. 2020) (citing *United States v. St. Hubert*, 909 F.3d 335, 351–52 (11th Cir. 2018), *overruled in part on other grounds by United States v. Davis*, 139 S. Ct. 2319, 2336 (2019)). [7]

---

[6] The Superseding Indictment also charged Petitioner with a third Hobbs Act robbery count (Count VI), but it did not serve as a predicate offense for any other Section 924(c) count. *See* Criminal ECF No. [37] at 4–5.

[7] Although Section 924(c)(3)(B) has been deemed unconstitutionally vague, Section 924(c)(3)(A) has been upheld. *See Davis*, 139 S. Ct. at 2333–34. Thus, subsection (A), the element's clause,

For example, in *In re Fleur*, the defendant was charged with one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and one count of using, carrying, and discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and § 924(c)(1)(A)(iii). 824 F.3d 1337, 1340 (11th Cir. 2016).  The Hobbs Act robbery charge served as the predicate for the Section 924(c) offense.  *Id.*  The Eleventh Circuit noted that robbery "means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property."  *Id.* at 1341 (quoting 18 U.S.C. § 1951(b)(1)).  Thus, the elements of both Hobbs Act robbery and Section 924(c)(3)(A)'s use-of-force clause "require the use, attempted use, or threatened use of physical force 'against the person or property of another.'"  *Id.*  As such, the Court concluded that a Hobbs Act robbery met "the use-of-force clause of the definition of a crime of violence."  *Id.*; *St. Hubert*, 909 F.3d at 349 ("Reaching the same conclusion as *Saint Fleur*, four other circuits have applied the categorical approach, listing each of these means, and concluded that Hobbs Act robbery is categorically a crime of violence under the use-of-force clause in § 924(c)(3)(A).").  Because Petitioner's Hobbs Acts robberies qualify as crimes of violence under Section 924(c)(3)(A), his robbery convictions were properly deemed predicate offenses to the charges for brandishing a firearm in furtherance of a crime of violence.

Moreover, to the extent Petitioner argues that Hobbs Act robbery cannot be a crime of violence because he only caused fear of injury to property, this argument has been rejected by the Eleventh Circuit.  *See Harrell v. United States*, No. 10-CR-20800, 2020 WL 8617496, at *3 (S.D. Fla. Nov. 30, 2020), *report and recommendation adopted*, 2021 WL 680710 (S.D. Fla. Feb. 22,

---

"is an adequate and independent ground to affirm a defendant's § 924(c) conviction, regardless of the constitutionality" of subsection (B).  *Brito v. United States*, No. 20-14077-C, 2021 WL 3008189, at *1 (11th Cir. Feb. 16, 2021).

2021), *certificate of appealability denied*, 2021 WL 5055823 (11th Cir. July 15, 2021).  In *St. Hubert*, the Eleventh Circuit determined that there is no scenario "in which a Hobbs Act robber could take property from the victim against his will and by putting the victim in fear of injury (to his person or property) without at least threatening to use physical force capable of causing such injury."  909 F.3d at 350.  Therefore, a Hobbs Act robbery constitutes a crime of violence for purposes of Section 924(c).

As a result, because there was no legal basis to make the objection, Petitioner's trial and appellate counsel could not have rendered ineffective assistance of counsel by failing to object to the classification of Hobbs Act robbery as a crime of violence.  Indeed, "[i]t is not ineffective assistance of counsel to fail to make an objection that is not due to be sustained."  *Meders v. Warden, Ga. Diagnostic Prison*, 911 F.3d 1335, 1354 (11th Cir. 2019), *cert. denied sub nom. Meders v. Ford*, 140 S. Ct. 394 (2019).  Thus, it is **RECOMMENDED** that the instant Motion be **DENIED** as to Claim Three.

### D.   Petitioner's Claim Of Ineffective Assistance Of Counsel For Failing To Object To The Jury Instructions For Hobbs Act Robbery (Claim Four) Should Be Denied.

As to his final claim, Petitioner argues that trial and appellate counsel were ineffective in failing to object to the jury instructions for Hobbs Act robbery.  ECF No. [7] at 8.[8]  Specifically, because the jury instructions used the disjunctive "or" in stating that there must be a finding of threat of force or violence or fear of harm, Petitioner argues that it is unclear whether the jury unanimously found each element of the offense.  *Id.*  As a result, Petitioner argues that his due process rights were violated.  *Id.*  The Government disputes that Petitioner's attorneys were ineffective in failing to object to the jury instructions for Hobbs Act robbery because the

---

[8] In the Motion, Petitioner also refers to this claim as "Ground Five," but the arguments he raises in fact correspond to his fourth claim.  *See* ECF No. [7] at 15.

instructions properly tracked the statutory language.  ECF No. [12] at 8–10.  Therefore, the Government argues that because the statute contains disjunctive terms, Petitioner's attorneys could not have prevailed on any objections to the instructions.  *Id.* at 9.

Petitioner's argument that counsel was ineffective in failing to object to the jury instructions for Hobbs Act robbery to the extent they included the disjunctive "or" has no basis.  The jury instructions for Hobbs Act robbery in this case listed the elements of the offense as follows:

> The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt.
>
> (1) the Defendant knowingly acquired someone else's personal property;
> (2) the Defendant took the property against the victim's will, by using actual or threatened force, or violence, or causing the victim to fear harm, either immediately or in the future; and
> (3) the Defendant's actions obstructed, delayed, or affected interstate commerce.

Criminal ECF No. [165] at 15.  Petitioner takes issue with the use of the word "or" in the second prong, arguing that the jury should have unanimously found actual or threatened force, *and* violence, *and* fear of harm.  ECF No. [7] at 8.

Jury instructions worded in the disjunctive are not erroneous when they track the language of the statute charged.  *See United States v. Brooks*, 670 F.2d 148, 152 (11th Cir. 1982).  The relevant statute defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, *or* violence, *or* fear of injury, immediate or future . . . ."  18 U.S.C. 1951(b)(1) (emphasis added).  Moreover, the Eleventh Circuit Pattern Jury Instructions for Hobbs Act robbery at the time of Petitioner's trial stated that the prosecutor had to prove, among other things, that "the defendant took the property against the victim's will by using actual or threatened force, *or* violence, *or*

causing the victim to fear harm, either immediately or in the future." 11th Cir. Pattern Jury Instr. 70.3 (emphasis added).

Therefore, although a defendant may be charged under a more strenuous standard, "where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive." *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000); *United States v. Bannister*, 285 Fed. Appx. 621, 628 (11th Cir. 2008) (finding no error where "the jury was told it could convict if it found the use of violence *or* intimidation, as opposed to the indictment's language, which accused [defendant] of using violence *and* intimidation") (emphasis in original). In this case, the Superseding Indictment charged Petitioner with three counts of Hobbs Act robbery. *See* Criminal ECF No. [37]. In each instance, the Superseding Indictment stated that Petitioner used actual and threatened force, violence, and caused fear of injury. *See id.* Section 1951 only requires that the prosecutor show beyond a reasonable doubt that the defendant used actual or threatened force, violence, or caused fear of injury. Therefore, the jury instructions, which closely tracked the language of the statute, were not erroneous. As such, it is **RECOMMENDED** that the instant Motion be **DENIED** as to Claim Four.

### III.   EVIDENTIARY HEARING

After the Motion was fully briefed, Petitioner submitted an affidavit stating that he requested that his attorneys provide a translation of certain documents, that his attorneys failed to do so, and that as a result, he was unable to understand the charges against him and was unable to assist in his defense. ECF No. [16] at ¶¶ 1–3. Petitioner requests an evidentiary hearing on this issue. *Id.* ¶ 4.

As a threshold matter, the Court notes that Petitioner retains the burden of establishing the need for an evidentiary hearing. *Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). To meet this burden and be entitled to a hearing, Petitioner must demonstrate that his allegations, if proved, would establish his right to collateral relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citing *Mayes v. Gibson*, 210 F.3d 1284, 1287 (10th Cir. 2000)). Pursuant to 28 U.S.C. § 2255, "the court shall grant a hearing to determine the issues and make findings of fact and conclusions of law 'unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Holmes v. United States*, 876 F.2d 1545, 1552–53 (quoting 28 U.S.C. § 2255). A district court does "not abuse its considerable discretion in declining to hold a § 2255(b) evidentiary hearing" when claims of an involuntary plea are "based only on conclusory and incredible allegations." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014). As underscored in *Holmes*, an evidentiary hearing is not required each time a movant brings forth a section 2255 claim of ineffective assistance of counsel. 876 F.2d at 1553. Courts are not required to hold an evidentiary hearing on "patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." *Id.* (quoting *United States v. Guerra*, 588 F.2d 519, 520–21 (5th Cir. 1979)).

Based on the record evidence presented, the undersigned finds that an evidentiary hearing is not warranted. The preceding analysis plainly establishes that Petitioner's claims are contradicted by the record and the law. Moreover, the record contains compelling evidence demonstrating that any of the objections Petitioner claims trial and appellate counsel should have made would have failed as a matter of law. Further, Petitioner does not state that he was unable to communicate with his trial or appellate counsel, that counsel failed to explain the charges against

him, or even that trial counsel's explanation of the charges was defective.  Finally, to the extent

his affidavit seeks to make the claim that his counsel should have provided him with translations,

counsel cannot be ineffective for failing to do something that, even if true, they were not required

to do.  As noted above, Petitioner does not have a right to translated records, nor has he adequately

alleged that he failed to understand the proceedings against him.  Accordingly, Petitioner is not

entitled to an evidentiary hearing because this Court can "adequately assess [his] claim without

further factual development." *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

### IV.    CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his petition for writ of

habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability.

*See* 28 U.S.C. § 2253(c)(1).  This Court should issue a certificate of appealability only if Petitioner

makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner

must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

However, when a district court has rejected a claim on procedural grounds, a petitioner must show

that "jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right, and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Id.*  Upon consideration of the record, this Court should deny

a certificate of appealability.

## V.       CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, ECF No. [7], be **DENIED**; that a certificate of appealability be **DENIED**; and that the case be **CLOSED**.

## VI.      OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida on December 28, 2021.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE