UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case Number: 20-21466-CIV-MORENO
(16-20700-CR-MORENO)

JOSE PINEDA CASTRO,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND ORDER DENYING MOTION TO VACATE

THE MATTER was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, for a Report and Recommendation on Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, filed on **April 6, 2020**. The Magistrate Judge filed a Report and Recommendation **(D.E. 19)**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that Magistrate Judge Becerra's Report and Recommendation is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that the Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 is DENIED. The Movant raises various claims in his § 2255 motion. First, the Movant argues his Fifth and Sixth Amendment rights were violated because the indictment was not translated to Spanish. Specifically, he argues he was unable to assist in his defense because he could not read the charges against him. The Report and Recommendation finds the motion to vacate on this issue should be denied because at every hearing the Movant was provided the services of a certified Spanish interpreter. The Report and Recommendation finds there is no authority

requiring that a criminal defendant be provided a written translation of an indictment or other documents. In the objections, the Movant again makes the same argument that the language barrier precluded him from assisting in his defense. The Court agrees with the Report's finding that this claim lacks merit.

The second claim is that the Court lacked jurisdiction to impose a 25-year sentence. The Movant claims he had no prior § 924(c) conviction, and therefore, the Court erred in applying the penalty enhancement. When the Movant was sentenced in July 2017, § 924(c)'s enhanced penalty provision provided that any person who sustains "a second or subsequent conviction under this subsection shall be sentenced to a term of imprisonment of not less than 25 years." Here, the Movant was convicted of Count 3, a § 924(c) conviction, and then in Count 5, a second § 924(c) conviction. For Count 3, the Court imposed a 7-year sentence for the first § 924(c) conviction and then properly gave a 25-year minimum mandatory sentence for the second § 924(c) conviction. The Report finds it does not matter that both were charged in the same indictment and the Movant was convicted of both in the same proceeding. Both sides agree the First Step Act did not impact this sentence.

Rather, the Movant argues that the enhancement should have been charged in the superseding indictment and the question of a second or subsequent conviction should be submitted to the jury. The Report and Recommendation cites to two cases to discredit this argument. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998) (stating an enhanced penalty provision does not need to be charged in indictment or submitted to jury) and *Alleyne v. United States*, 570 U.S. 99, 114 (2013) (stating that whether a defendant has a second or subsequent conviction is not a jury question). The Movant's objections on this issue are unclear. He argues that *Almendarez-Torres* does not apply in cases where the offenses were charged in the same indictment. The Report and Recommendation cites to *United States v. King*,

which disposes of this argument by stating that a "[f]inding that a defendant's convictions were 'second or subsequent' [under Section 924(c)(1)(C)] is the same as finding that a defendant had a prior conviction, and the issue remains governed by *Almendarez-Torres.*" 751 F.3d 1268, 1280 (11th Cir. 2014). That means that the Movant's enhanced penalty provision did not need to be charged in the indictment or submitted to the jury.

The third claim is that counsel was ineffective in failing to object that Hobbs Act Robbery does not qualify as a crime of violence. In this case, the Movant was charged and convicted with two counts of Hobbs Act Robbery. The Report and Recommendation finds that Hobbs Act Robbery is a crime of violence, and therefore, there was no legal basis for counsel to make an objection at trial. Therefore, there can be no claim for ineffective assistance of counsel. The objections argue that the Movant's case is one where he only caused fear of injury to property and therefore, it is not a crime of violence. The Report and Recommendation addresses this argument applying *United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018) and finding that there is no scenario in which Hobbs Act robbery could take property from the victim against his will without at least threatening to use physical force.

The final claim is that counsel was ineffective in failing to object to the Hobbs Act Robbery jury instruction. The Movant claims that because the jury instructions used the disjunctive "or" in stating there must be a threat of force or violence or fear of harm, it was unclear whether the jury unanimously found each element of the offense. He makes the same argument in the objections to the Report and Recommendation. The Report and Recommendation finds the jury instructions tracked the language of the statute and were not erroneous. This Court agrees. Accordingly, the Court denies the motion to vacate.

It is also

**ADJUDGED** that no certificate of appealability issue.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th of April 2022.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
United States Magistrate Judge Jacqueline Becerra
Counsel of Record